## Haiah Feige Duberstein v. Isaac Duberstein.

1. DECREES—*Upon Conflicting Evidence.*—The rule which grants a strong presumption to the correctness of a decree made upon conflicting evidence, requires that such decrees shall not be disturbed for anything less than error in law or in fact.

**Bill for Divorce.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

MOSES, PAM & KENNEDY, attorneys for plaintiff in error.

ZOLOTKOFF & ZOLINE, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit is prosecuted to reverse a decree of divorce, granted to the husband for alleged acts of extreme and repeated cruelty, committed upon him by the wife. The decree found the material facts charged by the bill to be true, and that the wife had been guilty of extreme and repeated cruelty toward the husband, as charged by the bill, but made no specific findings of particular acts.

The special acts of cruelty charged are summarized in the brief of plaintiff in error, as follows:

"1. The throwing of a chair in January, 1886, on Mr. D., inflicting serious injury on his side.

2. The drawing of a knife upon him in the fall of 1888, without injury to him.

3. The throwing of an iron stove cover at him, striking his head, and inflicting serious injury, in April, 1891.

4. The use of violent and abusive language, and threats, in August, 1894, and other times previous thereto.

5. Striking Mr. D. with an ornament stone, in April, 1895, and throwing chairs and cuspidor at him, inflicting two wounds on his head. That he was under the care of a physician, and compelled to undergo an operation."

The answer of the wife denied every charge, and alleged outrageous maltreatment of her by the husband, and as to his last charge of cruelty in April, 1895, she claims that he came home drunk, severely beat her, and that while intoxicated he fell and sustained injuries upon his head; that he insisted that he did not like married life, and requested her to consent to a divorce, and that in case she refused, he would get one if he had "to buy enough witnesses" to get it; that he repeatedly offered her money for her consent to a collusive decree.

More than a dozen witnesses, about equally divided between the parties, testified, and their testimony occupies 167 typewritten pages in the record, and constitutes a case of irreconcilable conflict in the evidence upon most of the material points.

Very few questions of law are raised, and none of them are of a character constituting injurious error.

We are urged, however, with much persuasiveness, by the accomplished counsel for the plaintiff in error, and especially so by his oral argument when the case was taken, to reverse the decree, because the evidence on the part of the defendant in error is unnatural and incredible, when viewed in the light of the situation and relative physical strength of the parties, and because, when viewed together, even if what is charged were true, such allegations do not amount to extreme and repeated cruelty when charged by a husband against a wife.

We are not insensible to the appeal of a woman, who, with no strict property rights involved, shall, out of the necessities of her poverty, engage eminent counsel and incur heavy expense in making her defense below, and in prosecuting error from a decree, the effect of which is to deprive her, regardless of his unworthiness, of the legal and moral right to enjoy the comfort and society of the husband of her choice.

But however we may be affected by such considerations, and although we might have come to a different conclusion upon the merits of the case had we heard the cause origin-

ally, we feel bound by the stubborn rule that grants a strong presumption to the correctness of a decree made upon conflicting evidence, and that requires that such decrees shall not be disturbed for anything less than clear error in law or in fact.

The chancellor saw and heard all the witnesses, including both parties, and his opportunities for judging of the truthfulness of some and of the falsity or unreliability of others, were, according to authority, superior to any that we possess upon the reading of unaccentuated cold print, and his conclusions must, for anything we can discover in the record, prevail.

It is assigned as a cross-error that the decree awards one hundred and seventy-five dollars to be paid by the husband as solicitors' fees to the wife's solicitors.

The award was presumptively for fees earned in the past for making the defense by the wife, and we know of no rule, and have been cited to none, that makes a reservation of fees for past services until the close of the case, error in itself. The hearing occupied three days, and considering the proved means of defendant in error, we regard the award as a reasonable one.

The decree will have to be affirmed, and it is so ordered.